UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  6:21-CR-00043-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CHANCE JOSEPH SENECA (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**CRIMINAL SCHEDULING ORDER**[1]
(Revised 12/17/2018)

A telephone scheduling conference is SET for  April 06, 2021, at 10:00 a.m. before Magistrate Judge Carol B. Whitehurst for the purpose of selecting trial and pretrial conference dates.  Counsel shall call in to the conference by dialing the Magistrate Judge's teleconference number, which can be obtained by the Courtroom Deputy if needed. .

The following orders are issued:

## I.  TRIAL SCHEDULE

**(a)** A trial date will be selected at the scheduling conference, which will be held before Judge Robert R. Summerhays in Lafayette, Louisiana Courtroom 3.

**(b)** A pretrial conference date will be selected at the scheduling conference, which will be held by telephone before Magistrate Judge Carol B. Whitehurst. At the request of counsel, the pretrial conference may be conducted in person.

**(c) Not less than seven days before the pretrial conference,** the parties shall complete and file with the Clerk of Court, **AND EMAIL A COPY TO THE MAGISTRATE JUDGE,** the attached Joint Status Report. Counsel for the United States shall be responsible for preparing and filing the report, with the assistance and cooperation of defense counsel.

## II.  DISCOVERY

**(a)**     **Within (10) days following the date of this order,** counsel for the parties shall meet and the following shall be accomplished:

---

[1] The purpose of this order is to reduce or eliminate the use of boilerplate, formula motions and responses for discovery of matters authorized by the Federal Rules of Criminal Procedure, federal statutes, or well-settled case law as applied by this court in the vast majority of criminal cases.

(1) At defendant's written request,[2] filed in the record, the government shall make the following disclosures to the defendant and/or shall make available for inspection, copying, or photographing the following items or copies thereof, or shall supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government:

(A) Any relevant written or recorded statements made by the defendant.

(B) That portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by a person then known by the defendant to be a government agent.

(C) Recorded grand jury testimony of the defendant relating to the offenses charged.

(D) The substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial.

(E) The defendant's arrest and conviction record.

(F) The general nature of any Rule 404(b) evidence, the content and specific nature of that evidence, to which defendant the evidence relates, and the purpose for which the evidence will be offered at trial.

(G) The government shall deliver to any chemist selected by the defense who is presently registered with the Attorney General in compliance with 21 U.S.C. §§ 822 and 823, and 21 C.F.R. § 1301.11, *et seq*., a sufficient representative sample of any alleged contraband which is the subject of the prosecution, to allow independent chemical analysis of such sample.

(H) Books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defense or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant.

(I) Results or reports of physical or mental examinations and of scientific tests or experiments which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

---

[2] See attached request form for Defendant.

(2) At the government's written request,[3] filed in the record, and if the defendant has requested discovery under Paragraphs (a)(1)(H) and (I) above, the defendant shall permit the government to inspect and copy or photograph the following items or copies thereof, or shall supply copies thereof, which are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant;

    (A) Books, papers, documents, photographs or tangible objects which the defendant intends to introduce as evidence in chief at trial.

    (B) Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.

(3) If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether the defendant had the mental state required for the offense charged, the defendant shall give written notice thereof to the government.

(4) The government shall state whether the defendant was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

(5) The government shall state whether the government counsel's file or other source known to him or her indicates that any wire or oral communications have been intercepted.  (See 18 U.S.C. § 2515-2518).

(6) The government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

(7) The parties shall make every possible good faith effort to stipulate to all facts or points of law, the truth or existence of which is not contested and the early resolution of which will expedite the trial.

(8) Counsel for the government shall state whether Jencks material will be provided prior to trial, and if so, when. In order to minimize disruptions at trial, the court encourages the U. S. Attorneys office to provide Jencks material on the Friday prior to trial.

**(b) <u>Within fifteen (15) days following the date of this order</u>**, the United States shall submit to the District Judge a 404(b) statement in accord with the following.

---

[3] See attached request form for Government.

Upon notification to defense counsel that it intends to use Fed. R. Evid. 404(b) material, and prior to its introduction at trial, the United States shall submit to the presiding judge, in chambers, the information intended to be used, the name of the witness through whom this testimony will be introduced, the specific evidence it plans to introduce, the factual basis for the evidence, the specific issue (motive, intent, etc.) to which this evidence is relevant, its need for the evidence, and all relevant case law. A blanket statement that the evidence is to bear on "motive, intent, etc." will not be sufficient. Counsel shall note the particular issue to which the evidence will bear. This submission need not be filed with the Clerk of Court or submitted to defense counsel.

If the defendant files a motion in limine to prohibit the use of such evidence, defense counsel shall state in the motion whether he or she believes this issue is one which may be decided pre-trial or whether resolution should be deferred to trial. All such motions will be submitted to the presiding judge, in chambers and if the Court finds the motion may be decided prior to trial, the presiding judge may refer the motion to the magistrate judge for report and recommendation.

At the trial, the United States is ordered to notify the Court outside the presence of the jury and prior to calling the witness through whom it will introduce this evidence, of its intent to call the witness. Thereafter, objection may be made by the defendant, outside the presence of the jury, and, if necessary, a hearing will be held outside the presence of the jury. If the United States fails to so notify the Court, the witness and/or the evidence may be excluded from use at trial.

**(c) <u>Not less than seven (7) days prior to trial:</u>**

(1) The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

(2) The government shall disclose to the defendant the existence and nature of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>United States v. Giglio</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

(3) The government shall supply the defendant with a record of prior convictions of any informant who will testify for the government at trial.

(4) The government shall have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case.

(5) The government shall permit the defendant, defense counsel, and any experts selected by the defense, to inspect any automobile, vessel, or aircraft allegedly used in the commission of

any offenses charged. Government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

(6) The government shall advise its agents and officers involved in this case to preserve all rough notes.

(7) The <u>curriculum vitae</u> of any expert witnesses who will testify at trial shall be exchanged.

(8) Counsel for both sides shall adhere to their continuing duty to reveal immediately to opposing counsel all newly discovered information or other material within the scope of this order.

### III.  MOTIONS

**(a)** If a party in good faith believes it would be detrimental to the interest of justice to make any of the above disclosures, the party may file a written Declination of Disclosure **within ten (10) days of the date of this order**, with a copy to opposing counsel and the Magistrate Judge, specifying which disclosures are declined and the legal authorities for such declination.

An opposing party may challenge a Declination of Disclosure by filing a Motion to Challenge Declination, accompanied by a supporting memorandum and, if appropriate, affidavits, by the motion deadline date set forth in Paragraph (III)(b).  IF NO CHALLENGE IS FILED TO A DECLINATION AS REQUIRED UNDER THIS PARAGRAPH, THE COURT WILL ASSUME THE ISSUE IS MOOT OR THE RIGHT TO DISCOVERY WAIVED.

**(b)** All other motions shall be filed **within twenty-eight (28) days of the date of this order.** Responses shall be filed in accordance with LR 7.5, except they shall be filed on or before **five (5) days after service of the motion**.

**(c)** The Court will rule on all motions without oral argument unless the parties are notified otherwise.

**(d)** Motions for disclosure of matters already ordered herein will require no response by the opposing party, AND NO RULING WILL BE MADE BY THE COURT. Such redundant motions will invite sanctions by the court.

**(e)** <u>Motions to Suppress</u>:  The law in this circuit provides that a "motion to suppress must in every critical respect be sufficiently definite, specific, detailed and non-conjectural to enable the Court to conclude that a substantial claim is presented....  In short, the motion must allege facts which, if proven, would provide the basis for relief." <u>United States v. Richardson</u>, 764 F.2d 1514, 1527 (5th Cir. 1985), and cases cited therein. Furthermore, under Fed. R. Crim. P. 41(e), an evidentiary hearing is required on a motion to suppress only when necessary to receive

evidence on an issue of fact. United States v. Harrelson, 705 F.2d 733 (5th Cir. 1983). In order for this Court to accurately determine whether an evidentiary hearing is warranted, defense counsel shall submit memoranda in support of motions to suppress in the following format:

Each memorandum of law shall be composed of five parts, including:

1. A statement of the issue(s) presented;

2. A statement of the facts;
(Statements of fact should not include legal conclusions, *e.g.* statements that a search was unconstitutional or that probable cause did not exist to support an arrest, etc.)

3. A statement identifying the specific factual disputes which justify an evidentiary hearing under Fed. R. Crim. P. 41(e);

4. A list of pertinent United States Supreme Court and/or federal appellate citations of authority, which support the motion;

5. Argument and conclusion.

## IV.  TRIAL INSTRUCTIONS

**(a) SUBPOENAS**. Counsel appointed to represent indigent defendants who desire that trial subpoenas be served by the U.S. Marshal shall file a motion, a memorandum establishing indigent status and that the desired witnesses are necessary to an adequate defense, and shall submit completed summonses for the requested witnesses, at least twenty-one (21) days prior to trial.

**(b) MOTIONS FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM.** Any such motions, to produce witnesses who are currently incarcerated, must be filed at least twenty-one (21) days prior to trial and must describe specifically why the testimony is necessary for an adequate defense. Late requests or motions may result in imposition of costs upon counsel personally.

**(c) EXHIBITS** shall be marked for identification at trial at least seven (7) days prior to trial.

**(d) MOTIONS FOR CONTINUANCE**. Any motion for trial continuance shall be filed no less than seven (7) days prior to trial, **with a copy delivered to the trial judge**. The motion shall set forth sufficient facts to allow the judge to determine whether the "ends of justice" are served by such a continuance under 18 U.S.C. 3161(h)(8). See United States v. Willis, 958 F.2d 60 (5th Cir. 1992) and United States v. Williams, 12 F.3d 452 (5th Cir. 1994).

**(e) MOTIONS FOR DEPARTURE FROM THE SENTENCING GUIDELINES**, shall be filed and a copy delivered to the District Judge no less than five (5) days prior to sentencing.

**(f) PLEA PACKAGES**. In the event of a plea, the government's plea package shall be delivered to the District Judge no less than five (5) days prior to the plea date.

**(g) JURY INSTRUCTIONS:** On or before seven (7) days prior to trial, the parties shall deliver to the trial judge's chambers one set of joint jury instructions. **ALL SUBMISSIONS MUST BE JOINT** with disagreements footnoted with case authority and pinpoint citations. Each charge shall bear a notation indicating (a) agreement or objection to the charge as written; (b) if objection to the charge being given is noted, reasons and citation of authority, with pinpoint cite, shall be set forth; (c) if objection is limited to the proper wording of the charge, alternative suggested wording, reasons therefor and citation of authority, with pinpoint cite, shall be set forth. All Pattern Instructions taken from the latest edition of the 5th Circuit Pattern Instructions may be referenced by number. All non-pattern instructions must be accompanied by pinpoint citations.

**(h) REAL TIME GLOSSARY.** On or before seven (7) days prior to trial, each counsel shall deliver to the court reporter, c/o the Clerk's Office, a Real Time Glossary, on which the case caption should be clearly identified to ensure delivery to the designated court reporter. This glossary shall contain the proper names of all witnesses expected to testify at trial on behalf of a party, as well as all technical terms that may be employed by that party at trial. This glossary is not to be filed and need not be disclosed to opposing counsel.

**(i) NOTIFICATION OF POTENTIAL FOR DELAY**. Counsel are ORDERED to promptly notify the presiding District Judge in writing of any matter which may arise during the trial which may cause a significant delay of the proceedings. The submission need not be filed in the record or provided to opposing counsel if an ex parte submission is warranted, provided that counsel sets forth reasons justifying said ex parte submission.

## V. GUILTY PLEA & SENTENCING PROCEDURES

**(a)    GUILTY PLEAS**

Prior to the taking of a guilty plea, counsel are to submit a plea packet to the Court, which includes each of the following documents:

> The plea agreement;
> An affidavit of understanding of maximum penalty and constitutional rights;
> The elements of the offense;
> A stipulated factual basis for the guilty plea;[4] and

---

[4]    Upon a showing of good cause, the Court will accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

A consent decree of forfeiture in appropriate cases.

Absent good cause, guilty pleas will not be set until after receipt of the foregoing documents, signed by defendant and all counsel.

**(b) <u>SENTENCING</u>**

Presentencing memoranda must be filed by counsel under seal at least fourteen days prior to the scheduled sentencing date, with a confidential copy submitted directly to the Probation Office. *See* LCrR 32.2. Any response thereto must be filed under seal, with a confidential copy submitted directly to the Probation Office, at least seven days prior to the scheduled sentencing date. The submission of a presentencing memorandum <u>does not</u> relieve the parties from the obligation of providing the probation officer with written objections to the presentence report within fourteen days from the day of disclosure. *See* Fed. R. Crim. P. 32(f); LCrR32.1.

Signed at Lafayette, Louisiana on the 23rd day of March, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:21-CR-00043-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CHANCE JOSEPH SENECA (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**DEFENDANT'S REQUEST FOR DISCOVERY**

Chance Joseph Seneca, defendant herein, hereby requests that the United States disclose all matters listed in Paragraph (II)(a)(1) of the Criminal Pretrial Discovery Order, including sub-paragraphs (A) through (I).

_____     _____
            Date                                    Counsel for Defendant

Original to be filed with the Clerk of Court
Copy to be delivered to AUSA prosecuting the case

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.  6:21-CR-00043-01 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| CHANCE JOSEPH SENECA (01) | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### UNITED STATES' REQUEST FOR DISCOVERY

The United States of America hereby requests that the defendant disclose all matters listed in Paragraph (II)(a)(2) of the Criminal Pretrial Discovery Order, including sub-paragraphs (A) and (B).

_____         _____
                Date                                            Counsel for United States

Original to be filed with Clerk of Court
Copy to be delivered to counsel for defendant

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  6:21-CR-00043-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CHANCE JOSEPH SENECA (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### JOINT STATUS REPORT

At the direction of the court, a status conference was held on _____. The following appearances were made:

**NAME (PLEASE PRINT)**          **PARTY REPRESENTED**

_____
_____
_____
_____
_____

**Trial is set for** _____.

**THE FOLLOWING QUESTIONS WERE ADDRESSED:**

(1)  Will a hearing outside the presence of the jury be required on Rule 404(b) evidence either as to its relevance or as to its probative vs. prejudicial value? See U.S. v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 and Huddleston v. U.S., 485 U.S. 681 (1988).
_____
_____
_____
_____

(2)  Is there any issue involving voluntariness of statements under 18 U.S.C. § 3501?
_____
_____

(3)  Are there any admissability questions requiring evidentiary presentation?
_____
_____

(4)  Time required by each side to present its case in chief:
_____
_____

11

(5) The parties agreed to waive challenges to the foundation of the following documents:
_____
_____

(6) Order of presentation by multiple defendants: _____
_____

(7) Pending discovery problems: _____
_____

(8) Jencks Act material will be provided to defendant(s): _____
_____

(9) Other: _____
_____
_____

    APPROVED AS TO FORM AND SUBSTANCE this ____ day of _____, 20__.

    SIGNATURES:     _____
                                           _____
                                             _____
                                             _____

**NOTE: Original to be filed with Clerk. Copy to be emailed to Magistrate Judge Carol B. Whitehurst's chambers via carol.b.whitehurst_orders@lawd.uscourts.gov.**