UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL CASE NO. 21-43-1** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **CHANCE SENECA** | **MAGISTRATE JUDGE WHITEHURST** |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL
WITH INCORPORATED MEMORANDUM**

NOW INTO COURT, through undersigned counsel, comes the defendant herein, Chance Seneca, who hereby requests and moves that the trial currently scheduled for March 14, 2022, in the above captioned matter be continued for the reasons set forth below.

**I.    Background**

Chance Seneca has been charged herein, by grand jury indictment, with one count of hate crime with intent to kill, one count of possession of a firearm in furtherance of a crime of violence, two counts of kidnapping, one count of attempted kidnapping, and one count of obstruction by destruction of records.

**II.   Applicable Law**

Title 18, United States Code, Section 3161(h) sets forth the applicable time delays in a criminal case. In general, a trial shall commence within 70 days of the defendant appearing before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded from the calculation of the 70-day speedy trial clock, including:

> Any period of delay resulting from a continuance granted [] at the request of the defendant or his counsel [], if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph

shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* at § 3161(h)(7)(A). In considering such a continuance, the Court shall consider the following:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

\* \* \* \* \*

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* at § 3161(h)(7)(B).

### III. Reasons for the Continuance

A continuance of the March 14, 2022 trial date is requested due to the complex nature of the charges in the case. In addition, the parties in this case are attempting to work with the collateral state prosecution toward a resolution of the case and a continuance of the current trial date would facilitate that result, which would be in the interest of justice.

Undersigned suggests in light of the above, that the continuance of the March 14, 2022 trial date will serve the ends of justice and outweighs the best interest of the public and the defendant in a speedy trial, as set forth under 18 U.S.C. §3161(h)(7)(B). Additionally, failure to grant such a continuance would also hamper the ability for counsel to continue working toward a resolution of

the case without a trial. Counsel for the government has no objection to a continuance of the present trial date.

### IV.     Conclusion

WHEREFORE, the defendant herein prays that the foregoing Motion be granted, and that the trial currently scheduled for March 14, 2022, be continued to a date to be set by this Honorable Court.

>    RESPECTFULLY SUBMITTED,
>    REBECCA L. HUDSMITH
>    FEDERAL PUBLIC DEFENDER FOR THE
>    MIDDLE & WESTERN DISTRICTS OF LOUISIANA
>
>    BY:   S/ DUSTIN C. TALBOT (LA #33404)
>          Assistant Federal Public Defender
>          102 Versailles Blvd., Suite 816
>          Lafayette, Louisiana 70501
>          (337)262-6336 (Phone)     (337)262-6605 (Fax)
>          COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent via notice of electronic filing (NEF) to:

**Myers P. Namie**
U.S. Attorney's Office

>    **S/ Dustin C. Talbot**