# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

December 21, 2023

Mr. Tony R. Moore
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 23-30075    USA v. Seneca
                          USDC No. 6:21-CR-43-1

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Shea E. Pertuit, Deputy Clerk
                              504-310-7666

cc:
    Ms. Yael Bortnick
    Ms. Camille Ann Domingue
    Ms. Bonnie Ilene Robin-Vergeer
    Mr. Dustin Charles Talbot



**Certified as a true copy and issued as the mandate on Dec 21, 2023**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

No. 23-30075
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 29, 2023
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

CHANCE JOSEPH SENECA,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-43-1
_____

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 29, 2023
Lyle W. Cayce
Clerk

_____

No. 23-30075
Summary Calendar

_____

United States of America,

          *Plaintiff—Appellee*,

*versus*

Chance Joseph Seneca,

          *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-43-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

  Chance Joseph Seneca presents two challenges to his 509-months'-imprisonment sentence imposed after his guilty-plea conviction for kidnapping, in violation of 18 U.S.C. § 1201: the court erred in applying a Guideline § 3A1.1(a) enhancement ("intentionally selected . . . victim" because of actual or perceived characteristics, including gender or sexual

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30075

orientation) because he harbored no hatred or animus toward a person's gender or sexual orientation and, in the alternative, because there is insufficient evidence he intentionally selected a victim based on such orientation; and his above-Guidelines sentence is substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly-preserved objection to an ultimate sentence, as in this instance, is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Seneca's procedural challenges are unavailing because the Government shows that, even if Guideline § 3A1.1(a) was applied in error, the error was harmless. As Seneca states correctly, "it is not enough for the district court to say the same sentence would have been imposed but for the error". *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017). Here, the court considered the applicable Guidelines sentencing range both with and without the challenged enhancement and affirmed it would give the same sentence either way. *See United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017) (explaining harmless error is shown when "the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way").

No. 23-30075

In asserting his sentence is substantively unreasonable, Seneca claims the court: overlooked important mitigating evidence; and the factors it invoked do not justify its upward variance.

The court reviewed Seneca's sentencing memorandum and his objections to the presentence investigation report, listened to his statement and the contentions of his counsel at sentencing, and acknowledged the presence of mitigating factors. The court decided, however, countervailing factors made its sentence appropriate. Seneca does not show the sentence failed to "account for a factor that should have received significant weight". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Even if our court agreed with Seneca that the court should have given greater weight to mitigating factors, this "is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Nor was it error for the court to "rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence". *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

AFFIRMED.